UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>Defendant. | No. 2:23-cv-01869-KJM-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On October 5, 2023, the court dismissed plaintiff's complaint for failing to state a claim but granted him leave amend. ECF No. 13. In this screening order, plaintiff was provided with the appropriate legal standards governing his potential claims for relief. Id. Before the court could screen plaintiff's first amended complaint, he filed a second amended complaint that is now the operative pleading before the court. See ECF No. 34 (Minute Order).

**I.      Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

### II.   Allegations in the Second Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was a prisoner at Mule Creek State Prison.  The only defendant named in this action is Mike Johnson, Speaker of the United States House of Representatives.  In claim one, plaintiff alleges an Eighth Amendment violation based on his involuntary servitude.  Claim two alleges a "breach of the peace."  ECF No. 29 at 8.  Plaintiff's final claim asserts that "[w]e need ordination not usurpation."  ECF No. 29 at 11.  As in the original complaint, plaintiff has repeatedly included Biblical references rather than plainly and succinctly stating the facts that support each claim for relief.

### III.   Analysis

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has failed to state any claim upon which relief may be granted against defendant Johnson.  The second amended complaint is largely non-sensical and difficult to follow.  The amended complaint is entirely conclusory and does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Moreover, plaintiff does not allege any overt act which defendant engaged in that violated plaintiff's constitutional rights.  As plaintiff was previously advised, in order to state a claim, he must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Absent such linkage, he has failed to state a constitutional violation by defendant.  For all these reasons, the undersigned recommends dismissing plaintiff's second amended complaint.

### IV.   Leave to Amend

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if

a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that further amendment of this case would be futile because the deficiencies have not been cured despite being given prior leave to amend. Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your second amended complaint and determined that it does not state any federal claim for relief against the defendant because there are no alleged constitutional violations linked to defendant's conduct. The undersigned is recommending that your amended complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without further leave to amend for failing to state a claim; and,
2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/vanh1869.F&R.SAC